

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHAAN LITTLEJOHN,

              Plaintiff,

      v.

SGT. JASON SCHANTZ,
CO DEVON MARSHALL,
SGT. AARON RAPALEE,
NP MOLLY FISCHER,
LT. MATTHEW KRZEMINSKI,
HEARING OFFICER DOE,[1]

              Defendants.

_____

Case # 25-CV-6327-FPG

ORDER

Before the Court is *pro se* plaintiff Johaan Littlejohn's amended complaint. ECF No. 18. The Court previously granted Plaintiff permission to proceed *in forma pauperis* and screened his original complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b). ECF No. 10 (the "initial screening order"). That order dismissed the state law claims and the claims requesting monetary damages against the defendants in their official capacities; concluded that the excessive force claim against Sgt. Jason Schantz, CO Devon Marshall, Sgt. Aaron Rapalee, NP Molly Fischer, and Lt. Matthew Krzeminski[2] would proceed to service; and permitted Plaintiff to replead his retaliation, failure to protect, inadequate medical care, procedural due process, and conspiracy claims.

Having screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b), the Court concludes that in addition to the conclusions made in the initial screening

_____

[1] The Clerk of Court is directed to add Hearing Officer Doe to the caption.

[2] *See* ECF No. 16 (*Valentin* response identifying Fischer, Marshall, and John Does 1-3).

order, the failure to protect claim will proceed to service upon Marshall and Fischer and the due process claim will proceed to service upon Marshall and Hearing Officer Doe. All other claims are dismissed. Plaintiff's request for appointment of counsel (ECF No. 18 at 35–44) is denied without prejudice.

**DISCUSSION**

I.    **Legal Standards**

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2); see 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In making such determinations, the Court may consider documents attached to the complaint or incorporated by reference. *See DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)). Permission to amend, however, "is not required where the plaintiff has already been afforded the opportunity to amend." *Bivona v. McLean*, No. 19-CV-0303, 2019 WL 2250553, at

*5 (N.D.N.Y. May 24, 2019) (citation omitted); *Cancel v. New York City Hum. Res. Admin./Dep't of Soc. Servs.*, 527 F. App'x 42, 44 (2d Cir. 2013) ("[T]he district court had already permitted [the plaintiff] to amend his complaint once, and nothing in his amended complaint suggested that he would be able to state a valid . . . claim if he were granted leave to amend a second time. Therefore, granting [the Plaintiff] leave to amend his amended complaint as to these claims would have been futile."); *Cato v. Zweller*, No. 21-CV-6207, 2023 WL 8653857, at *2 (W.D.N.Y. Dec. 14, 2023) (dismissing the amended complaint with prejudice because it "does not remedy any of the pleading deficiencies identified in the Screening Order").

## II.    Analysis[3]

Plaintiff's amended complaint repleads his failure to protect and due process claims; his allegations otherwise remain unchanged. ECF No. 18 at 13–31.

### A. Failure to Protect

The initial screening order apprised Plaintiff that to plausibly allege a failure to protect claim, the allegations must show that Fischer and Marshall knew that Plaintiff was at risk of being assaulted or that they had a realistic opportunity to prevent the assault or intervene during the assault. ECF No. 10 at 11. Plaintiff's amended complaint alleges that Fischer and Marshall both knew that he was in danger of being assaulted because "a racial war [was] occurring ... between the African Americans and the Dominicans" at the time of the assault. ECF No. 18 at 16 ¶¶ 21–22. Even so, Fischer and Marshall let Plaintiff, an African American, "out for the breakfast meal run with an unknown Dominican(s)," presumably, Plaintiff's assailant. *Id.* The inmate cut Plaintiff's face and neck, leaving an 11-inch laceration, which required immediate surgery and left

---

[3] The Court accepts Plaintiff's allegations as true for purposes of screening his amended complaint. Page references to docket entries are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

3

Plaintiff with a hearing impairment. *Id.* at 15–16. For purposes of screening, these allegations are sufficient. Plaintiff's failure to protect claim will proceed to service upon Fischer and Marshall.

**B. Due Process**

The initial screening order apprised Plaintiff that to plausibly allege a procedural due process claim, his amended complaint should allege how much time he spent in disciplinary confinement, describe the conditions of that confinement, and explain how Hearing Officer Doe conducted the hearing in contravention of the dictates in *Wolff v. McDonnell*, 418 U.S. 539 (1974). ECF No. 10 at 13–14. Plaintiff's amended complaint alleges that he was confined for 120 days with no access to privileges. ECF No. 18 at 17 ¶ 26. He further alleges that Hearing Officer Doe refused to admit the video evidence of the attack and relied only on Marshall's misbehavior report and Marshall and Fischer's testimonies in making his decision to find Plaintiff guilty. *Id.* ¶¶ 23–25.

At this early stage, Plaintiff's allegation that he spent 120 days in disciplinary confinement is sufficient to implicate a liberty interest. Plaintiff is cautioned that to survive a motion to dismiss or for summary judgment, he may need to provide a detailed record of his confinement. *See Vidal v. Venettozzi*, No. 24-2548, 2026 WL 885722, at *9 (2d Cir. Apr. 1, 2026) (holding that 180 days in disciplinary confinement plainly implicates a liberty interest); *Bunting v. Nagy*, 452 F. Supp. 2d 447, 456 (S.D.N.Y. 2006) (suggesting that a period of disciplinary confinement of 120 days "could implicate a liberty interest should a detailed record of the conditions of confinement indicate that it was an atypical and significant hardship"); *Ragsdale v. Confer*, No. 21-CV-6188, 2024 WL 1051883, at *4–5 (W.D.N.Y. Mar. 11, 2024) (denying the defendants' motion for summary judgment on the liberty interest element because although "the duration of Plaintiff's SHU confinement—120 days—[fell] well within the usual limits that escape Due Process protection[,]"

4

the detailed record of the plaintiff's confinement, including that the plaintiff experienced "unrelenting, and largely unaddressed, pain[,]" showed "a triable issue of fact regarding the deprivation of a liberty interest").

That Hearing Officer Doe refused to admit video evidence and relied solely on Marshall's misbehavior report and Marshall and Fischer's testimonies—wholly disregarding that Plaintiff was the victim—infers a violation of *Wolff* sufficient to survive screening.

And because it appears that Plaintiff was "disciplined without adequate due process as a result of [Marshall's] report," his due process claim will be served upon both Marshall and Hearing Officer Doe. *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015).

## III.    <u>Request for Appointment of Counsel</u>

The Court denies without prejudice Plaintiff's request for appointment of counsel, ECF No. 18 at 35–44, for the reasons set forth in its January 22, 2026, text order, ECF No. 12. Plaintiff may renew his request for counsel if this case proceeds to discovery.

## <u>CONCLUSION</u>

The excessive force claim will proceed to service upon Sgt. Jason Schantz, CO Devon Marshall, Sgt. Aaron Rapalee, NP Molly Fischer, and Lt. Matthew Krzeminski; the failure to protect claim will proceed to service upon Marshall and Fischer; and the due process claim will proceed to service upon Marshall and Hearing Officer Doe. The state law claims remain dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) without leave to amend and without prejudice to litigation in state court. Claims requesting monetary damages against Defendants in their official capacities remain dismissed without prejudice and without leave to amend on the basis of Eleventh Amendment immunity under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). The retaliation, inadequate medical care, and conspiracy

claims are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) without leave to amend.

Other than change of address notices, Plaintiff need not take any action or file any documents in this case until Defendants have been served and filed an answer or response to the amended complaint. If, after service, Defendants fail to file an answer or response, Plaintiff may seek entry of default under Federal Rule of Civil Procedure 55.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's excessive force claim shall proceed to service upon Sgt. Jason Schantz, CO Devon Marshall, Sgt. Aaron Rapalee, NP Molly Fischer, and Lt. Matthew Krzeminski; and it is further

ORDERED that Plaintiff's failure to protect claim shall proceed to service upon CO Devon Marshall and NP Molly Fischer; and it is further

ORDERED that Plaintiff's due process claim shall proceed to service upon Hearing Officer Doe and CO Devon Marshall; and it is further

ORDERED that all state law claims remain dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) without leave to amend and without prejudice to litigation in state court; and it is further

ORDERED that claims requesting monetary damages against Defendants in their official capacities remain dismissed without prejudice and without leave to amend on the basis of Eleventh Amendment immunity under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2); and it is further

ORDERED that the complaint is otherwise dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim and without leave to amend; and it is further

6

ORDERED that Plaintiff's request for appointment of counsel, ECF No. 18 at 35–44, is denied without prejudice to renewal if this case proceeds to discovery; and it is further

ORDERED that pursuant to *Valentin v. Dinkins,* 121 F.3d 72 (2d Cir. 1997), the Court requests that the New York State Attorney General, Rochester Regional Office ("Attorney General") ascertain the full name, with correct spelling, and last known service address for Hearing Officer Doe.[4] The Attorney General need not undertake to defend or indemnify this individual at this juncture. This order merely provides a means by which Plaintiff may properly serve the defendant as instructed by the Second Circuit in *Valentin*; and it is further

ORDERED that the Attorney General shall return the name and last known service address of Hearing Officer Doe by May 8, 2026, by mail to the Pro Se Litigation Unit, United States District Court, 2 Niagara Square, Buffalo, NY 14202. Should the *Valentin* response return personally identifiable information such as a home address, that contact information shall be given to the Marshals Service solely for the purpose of effecting service; this information will otherwise remain confidential; and it is further

ORDERED that, once the Court receives Hearing Officer Doe's name and service address, the complaint shall be deemed amended to reflect his full name, and the Clerk of Court shall update the docket sheet and cause the United States Marshals Service to serve the summons, amended complaint (ECF No. 18), and this order upon Defendants, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that, upon service, pursuant to 42 U.S.C. § 1997e(g), Sgt. Jason Schantz, CO Devon Marshall, Sgt. Aaron Rapalee, NP Molly Fischer, and Lt. Matthew Krzeminski shall respond to the excessive force allegations in the amended complaint; CO Devon Marshall and NP

---

[4] ECF No. 18 at 64–65 may be helpful in identifying Hearing Officer Doe.

Molly Fischer shall respond to the failure to protect allegations in the amended complaint; and Hearing Officer Doe and CO Devon Marshall shall respond to the due process allegations in the amended complaint; and it is further

ORDERED that the Clerk of Court shall forward a copy of this order and the amended complaint (ECF No. 18) by email to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office, at Ted.O'Brien@ag.ny.gov; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

IT IS SO ORDERED.

Dated:        April 9        , 2026
              Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York